**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOWANDA S. YOUNG, | ) | CASE NO. CV 09-09003 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Lowanda Young has a bad back. Since pain associated with disk problems is common, the question not infrequently arises as to how much the pain compromises a claimant's ability to work. In this Court, Plaintiff asserts that the Administrative Law Judge did not comply with the applicable legal standards when he found Plaintiff not to be fully credible. The Court agrees.

The Administrative Law Judge stated:

> The [Administrative Law Judge] does not fully credit the claimant's subjective complaints. The claimant alleges chronic pain and significant functional limitation.

[AR 18]  The Administrative Law Judge went on to conclude that the Plaintiff has exaggerated the extent of her pain, because she gave what he considered inconsistent responses to two doctors whom she saw only a few months apart. [*Id.*]  Elsewhere the Administrative Law Judge also noted that, although Plaintiff had complained of significant back and neck pain, treatment had been minimal and conservative, and further surgery had not been recommended. [AR 17]

On this record, it is unclear whether the residual functional capacity the Administrative Law Judge found can be sustained, because the record is not clear as to Plaintiff's credibility. Conservative treatment is a factor that an Administrative Law Judge can reference in questioning a claimant's credibility, for example, *see Johnson v. Shalala,* 60 F.3d 1428, 1433 (9th Cir. 1995), and so is a claimant's exaggeration of her symptoms. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. March 19, 2001). But the predicate for such a determination is missing here: an administrative law judge must identify the testimony that he finds suspect. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 584 (9th Cir. 1988). Without that beginning, it is hard to tell, in this case, whether the Administrative Law Judge was justified in his conclusion.

Thus, the example that the Administrative Law Judge gave, of the inconsistency in Plaintiff's reporting to the two doctors, may or may not have an impact, depending on what testimony it relates to. The Administrative Law Judge emphasized, by use of italics, that Plaintiff "told the consultative examiner that she could perform a full range of activities of daily living, *including light exercise*" [AR 18, italics in original]; this he contrasted with Plaintiff's statements to the consultative internist, that "she alleged significant physical debilitation." [*Id.*] In this Court, Plaintiff rightly points out that the ability to perform light exercise may not translate to the ability to work a full week, *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), and that the report of the consultative examiner does not, in fact, show an ability to perform a full range of activities of daily living. [AR 397]

      The question that remains, however, is what does Plaintiff's statement that she can perform light exercise mean? What testimony of hers does it undermine, if any, and how does that affect the determination of her residual functional capacity? On the other hand, if the Administrative Law Judge thinks that Plaintiff told one doctor one thing — that she could exercise — and another doctor a different thing, then he should specify what that means. Does it mean he found her testimony untrustworthy and, if so, again, what testimony? These are questions that might be answered once the suspect testimony, if any, is identified.

      Because the Administrative Law Judge did not follow the proper standards for discrediting a Plaintiff's testimony, the decision is reversed, and the matter is remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: July 27, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-3-